101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 Patricia E. BENEDICT, Individually, on behalf of Duke &
Benedict, Inc., on behalf of Adron, Inc., and as Trustee
under a certain trust instrument dated October 20, 1976 and
Verna B. Neilson, individually, on behalf of Duke &
Benedict, Inc., on behalf of Adron, Inc., and as Trustee
under certain trust instruments dated October 20, 1976,
Plaintiffs-Appellants,
v.
Louis J. AMADUCCI, individually and as Trustee under certain
trust instruments dated October 20, 1976, Vernon G. Browne,
Daniel B. Knock, individually and as Trustee under certain
trust instruments dated October 20, 1976, George J. Noumair,
Richard A. Piemonte, Adron, Inc., Duke & Benedict, Inc.,
Defendants-Appellees.
 
 1
 No. 96-7019.
 
 
 2
 United States Court of Appeals, Second Circuit.
 
 
 3
 Aug. 15, 1996.
 
 
 4
 Appearing for Appellants: Thomas A. Kissane, Schlam, Stone & Dolan, New York, NY.
 
 
 5
 Appearing for Appellees: Philip M. Smith, Whitman, Breed, Abbot & Morgan, New York, NY.
 
 
 6
 Present CALABRESI PARKER, C.J., POLLAK, Senior District Judge.*
 
 ORDER
 
 7
 We review a Rule 12(b)(6) dismissal de novo. Branham v. Meachum, 77 F.3d 626, 628 (2d Cir.1996). To state a claim under civil RICO, a plaintiff must allege "that the defendant through the commission of two or more acts constituting a pattern of racketeering activity directly or indirectly invests in, or maintains an interest in, or participates in an enterprise the actvities of which affect interstate commerce." Town of West Hartford v. Operation Rescue, 915 F.2d 92, 100 (2d Cir.1990). The plaintiffs plead four sets of predicate acts under RICO: (1) violations of the Hobbs Act, 18 U.S.C. § 1951, (2) commercial bribery, (3) mail and wire fraud, and (4) bank fraud. However, for substantially the same reasons given by the district court, we find that the plaintiffs have failed to plead successfully at least one crucial element of each act.
 
 
 8
 Plaintiffs also contend that they should be given leave to replead in the event that the dismissal is upheld. We review a district court's denial of leave to amend a complaint for abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). Given that the plaintiffs have had two opportunities to amend their complaint (one after full discovery), the district court's dismissal of their complaint with prejudice was not an abuse of discretion. See In re American Express Co. Shareholder Litigation, 39 F.3d 395, 402 (2d Cir.1994) (affirming dismissal with prejudice in part because plaintiffs had two opportunities to amend their complaint).
 
 
 9
 We have examined all the plaintiffs' contentions, and find them to be without merit. The district court's judgment is therefore affirmed.
 
 
 
 *
 The Honorable Louis H. Pollak, Senior District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation